1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JORDAN SLACH, | CASE NO. 3:25-cv-05760-DGE |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 18) |
| v. | |
| CITY OF BATTLE GROUND et al., | |
| Defendants. | |

16    This matter comes before the Court on Plaintiff's motion to appoint counsel (Dkt. No.

17    18.)  For the reasons articulated herein, Plaintiff's motion to appoint counsel is DENIED.

18                               **I        BACKGROUND**

19    This matter arises from Plaintiff's termination from the City of Battle Ground Parks and

20    Recreation Department and its aftermath.  Plaintiff has filed three complaints (Dkt. Nos. 3, 11,

21    15); the first two were dismissed by this Court pursuant to review under 28 U.S.C. § 1915(a)

22    review (Dkt Nos. 10, 14) but the Court permitted Plaintiff to direct service for his second

23    amended complaint without further analysis of the merits of his claims.  (Dkt. No. 16.)  Plaintiff

24

1   brings seven causes of actions: (1) a claim under the Fourth Amendment for a "unreasonable

2   search and seizure/privacy violation," (2) claims under the First Amendment for retaliation and

3   interference with right to petition, (3) a claim under the Fourteenth Amendment for procedural

4   due process violations, (4) a claim under the Fourteenth Amendment for a violation of his

5   "Liberty Interest – Stigma-Plus," (5) a claim for *Monell* liability against the City of Battle

6   Ground, (6) a claim under the Fair Credit Reporting Act, and (7) claims for state law torts

7   including intentional infliction of emotional distress, negligent supervision and retention,

8   defamation per se, fraud/misrepresentation, and wrongful termination in violation of public

9   policy.  (Dkt. No. 15.)

10          Plaintiff previously sought counsel (Dkt. No. 6); the Court denied the motion as moot

11   after denying his initial complaint.  (Dkt. No. 10.)  Plaintiff now brings a renewed motion for

12   counsel noting the "fundamental change[]" to the case.  (Dkt. No. 18 at 1.)  Plaintiff asserts there

13   are "exceptional circumstances" because of the number of defendants and claims; the issues of

14   public concern at stake; and the questions of "extraordinary legal complexity that exceed[] the

15   capacity of any pro se litigant," including qualified immunity, database access regulations,

16   *Monell* liability, Fair Credit Reporting Act statutory interpretation, and digital forensics.  (*Id*. at

17   2–3, 7.)  Finally, Plaintiff notes he is "financially unable to retain counsel" and none of the

18   attempts he has made to obtain counsel—including communicating with over 20 attorneys and

19   law firms, the Clark County Bar Association Referral Program, the Northwest Justice Project,

20   and multiple nonprofit legal aid organizations—have been successful.  (*Id*. at 5.)

21                          **II       DISCUSSION**

22   **A.  Legal Standard**

23

24

1    There is no constitutional right to counsel in a civil case.  *Palmer v. Valdez*, 560 F.3d

2    965, 970 (9th Cir. 2009).  However, pursuant to 28 U.S.C. § 1915(e)(1), a court may exercise

3    discretion and request an attorney to represent "any person unable to afford counsel."  Such

4    discretion should only be exercised under "exceptional circumstances." *Agyeman v. Corrections*

5    *Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).  In determining whether exceptional

6    circumstances exist, a court must consider: (1) a plaintiff's "likelihood of success on the merits"

7    and (2) whether he "is unable to articulate his claims in light of the complexity of the issues

8    involved." *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015).  Neither of these

9    considerations is dispositive and instead must be viewed together.  *Palmer*, 560 F.3d at 970.

10   **B.  Analysis**

11       Here, Plaintiff's motion is not supported by exceptional circumstances.  At present,

12   Plaintiff has not established a likelihood of success on the merits.  The fact the Court has now

13   directed service on Defendants is not indicative of the likelihood of success on the merits.  *See*

14   *Waliezer v. Fortney*, No. 2:21-cv-01100-RAJ-JRC, 2021 WL 4169174, at *1 (W.D. Wash. Sept.

15   14, 2021) ("Moreover, although the Court has found that solely for screening purposes, his

16   complaint is adequate to merit an order directing service on defendants, the Court is unable to

17   determine that there is a likelihood of success on the merits, at this early stage in the

18   proceedings.") (denying motion to appoint to counsel).  And the nature of Plaintiff's claims is

19   also insufficient to grant this motion.  An individual bringing a constitutional claim is not

20   necessarily entitled to counsel, *see Betts v. Terronez*, No. 25-cv-1296-JES-DDL, 2025 WL

21   2099202, at *2 (S.D. Cal. July 25, 2025) (prisoner bringing constitutional claims did not show

22   exceptional circumstances), and bringing more claims does not change that analysis.  *See Ellis v.*

23   *Corizon Incorporated*, CV-17-0536-PHX-SPL (JFM), 2017 WL 11454403, at *1 (D. Ariz. May

24

16, 2017) ("That there a variety of claims and defendants may make litigating more time intensive, but it does not alter the nature of the claims themselves.").  Finally, "Plaintiff's indigency and his lack of formal legal training are not exceptional circumstances sufficient to warrant the appointment of counsel." *Jackson v. Goodwin*, C22-5959-JCC-SKV, 2024 WL 381147, at *1 (W.D. Wash. Feb. 1, 2024).  Plaintiff thus far has been able to identify and advance his claims.  The current motion is organized and well-presented, evidencing Plaintiff's ability to articulate and assert his factual and legal position.  Accordingly, the Court finds the absence of exceptional circumstances that would justifying appointment of counsel at this stage.

### III    ORDER

Plaintiff's motion for counsel (Dkt. No. 18) is DENIED without prejudice.

Dated this 17th day of December, 2025.

David G. Estudillo
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 18) - 4