UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JORDAN SLACH,<br><br>Plaintiff,<br>v.<br><br>CITY OF BATTLE GROUND et al.,<br><br>Defendant. | CASE NO. 3:25-cv-05760-DGE<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 35) |

This matter comes before the Court on Plaintiff Jordan Tyler Slach's motion to appoint counsel (Dkt. No. 35.) For the reasons identified here, Plaintiff's motion (Dkt. No. 35) is DENIED.

## I BACKGROUND

Plaintiff first filed a motion to proceed in forma pauperis in August 2025. (Dkt. No. 1.) The Court twice dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915 review (*see* Dkt. Nos. 10, 14) before directing service on Plaintiff's second amended complaint (*see* Dkt. No. 16). Defendants moved to dismiss Plaintiff's complaint. (Dkt. No. 26.) The Court granted

Defendants' motion to dismiss on all claims except Plaintiff's First Amendment Retaliation, *Monell*, and state law claims. (Dkt. No. 34.)

Plaintiff now moves for this Court to appoint him counsel. (Dkt. No. 35.) Plaintiff first asserts that his remaining claims have now survived an initial motion for judgment on the pleadings and have at least a reasonable likelihood of success on the merits. (*Id*. at 2, 6.) Second, Plaintiff asserts that while he "eventually drafted a pleading sufficient for some claims to reach discovery," there is no evidence "he can effectively depose government officials, retain and examine expert witnesses, and try a complex civil rights case." (*Id*. at 8.) He highlights his use of fictitious statements and the Court's depiction of his complaint as "'not a model of clarity'" and as containing "'vague allegations and conclusory statements.'" (*Id*. at 2, 8.) He further identifies that he has full-time employment and cannot "realistically manage[]" both full-time employment and litigating this matter. (*Id*. at 9.) Third, Plaintiff asserts the remaining issues are "demanding" and complex. (*Id*. at 9–10.) Fourth, Plaintiff asserts factual investigation is difficult due to both financial costs and the complexity of this case. (*Id*. at 10–11.) Fifth, Plaintiff asserts he "remains underemployed" and has not been successful at obtaining counsel despite multiple attempts. (*Id*. at 11–12.) Finally, Plaintiff asserts public interest weighs in favor of granting him counsel. (*Id*. at 13.)

Defendants object to Plaintiff's motion. (Dkt. No. 36.) Defendants assert there is no significant likelihood of success on the merits (*id*. at 3) and that plaintiff has demonstrated an exceptional ability to litigate this matter on a pro se basis (*id*. at 5).

The matter is fully briefed. (Dkt. No. 37.)

## II LEGAL STANDARD

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996). However, motions to appoint counsel in civil cases may be granted for "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). To determine if these "exceptional circumstances" exist, a court must consider both the likelihood of success on the merits and the plaintiff's ability to present their claims pro se "in light of the complexity of the legal issues involved." *Id.* (citation omitted). "Neither of these considerations is dispositive and instead must be viewed together." *Id.* The burden of showing there are exceptional circumstances lies with the plaintiff. *Id.*

## III ANALYSIS

Here, the Court does not find exceptional circumstances justifying the appointment of counsel. As to the first prong, the likelihood of success on the merits, surviving a motion for judgment on the pleadings is insufficient to find a likelihood of success on the merits entitling an individual to counsel. *See Sekona v. Custino*, No. 2:16-CV-0517-JAM-DMC-P, 2021 WL 1374680, at *2 (E.D. Cal. Apr. 12, 2021) (finding that its order dismissing Defendants' motion for judgment on the pleadings was insufficient to find Plaintiff had established a particular likelihood of success on the merits); *Garcia v. Smith*, No. 10cv1187 AJB(RBB), 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) ("Although [Plaintiff]'s retaliation, conspiracy, and equal protection claims survived Defendant's Motion to Dismiss, it is too early to determine the likelihood of success on the merits.").

Moreover, as to the second prong, the complexity of the legal issues, Plaintiff's assertions are also insufficient to find exceptional circumstances. An individual bringing a constitutional claim is not necessarily entitled to counsel, *see Betts v. Terronez*, No. 25-cv-1296-JES-DDL,

2025 WL 2099202, at *2 (S.D. Cal. July 25, 2025) (prisoner bringing constitutional claims did not show exceptional circumstances), and bringing more claims does not change that analysis. *See Ellis v. Corizon Incorporated*, CV-17-0536-PHX-SPL (JFM), 2017 WL 11454403, at *1 (D. Ariz. May 16, 2017) ("That there a variety of claims and defendants may make litigating more time intensive, but it does not alter the nature of the claims themselves."). Plaintiff's financial limitations, full-time employment, and lack of legal training are also insufficient to constitute exceptional circumstances. *See Jackson v. Goodwin*, C22-5959-JCC-SKV, 2024 WL 381147, at *1 (W.D. Wash. Feb. 1, 2024). "Additionally, Plaintiff's need to conduct discovery and examine witnesses does not constitute exceptional circumstances. These tasks are common among all participants in civil litigation and not unique to Plaintiff." *Betts*, 2025 WL 2099202, at *2. Finally, while Plaintiff's complaint included some extraneous details and claims and Plaintiff erred in relying on fictitious citations, Plaintiff has overall shown a high capacity to identify and advance his claims. Thus, the Court cannot conclude Plaintiff has shown any exceptional circumstances entitling him to counsel.

## IV ORDER

For the reasons articulated herein, Plaintiff's motion to appoint counsel (Dkt. No. 35) is DENIED.[1]

Dated this 7th day of August, 2026.

David G. Estudillo
United States District Judge

[1] The Court directs Plaintiff to the district's guide for pro se representation, which includes resources for self-representation and finding legal advice. *See Representing Yourself ("Pro Se")*, U.S. Dist. Ct. for the W. Dist. of Wash., https://www.wawd.uscourts.gov/representing-yourself-pro-se (last visited Nov. 10, 2025).